IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EDWARD MANDEL, | § | Case No. 10-40219 |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |
| STEPHEN THRASHER, Individually and on behalf of White Nile Software, Inc., | § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 11-4014 |
| | § | |
| EDWARD MANDEL, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| MADDEN SEWELL, LLP, | § | |
| | § | |
| Intervenor. | § | |

EOD
09/09/2013

**MEMORANDUM OPINION AND ORDERS REGARDING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Stephen Thrasher, an unsecured creditor in the underlying bankruptcy case, initiated this action against the debtor-defendant, Edward Mandel, in which he seeks to impose a constructive trust on Mandel's interest in NeXplore Corporation. This matter is before the Court on the motion by Mandel seeking a summary judgment that Thrasher cannot impose a constructive trust on his shares in NeXplore as a matter of law. Thrasher and MaddenSewell, LLP (as a partial assignee of Thrasher's claims) oppose the motion for summary judgment. The Court exercises its core jurisdiction over the parties' dispute pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (B) and (O).

## I. The Summary Judgment Standard

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. Where the non-moving party bears the burden of proof, as in this case, then the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Grogan v. Garner*, 498 U.S. 279, 286 (1991). The non-movant must then present "specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e).

In this case, Mandel's motion and Thrasher's response set forth the following body of uncontested facts.

## II. Relevant Uncontested Facts

Mandel filed a petition for relief under chapter 11 of the Bankruptcy Code on January 25, 2010. His assets included 33 million shares of NeXplore. In his bankruptcy schedules, Mandel listed the value of the NeXplore shares as "unknown."

Thrasher filed a proof of claim against Mandel's bankruptcy estate. Thrasher's proof of claim was based upon an unresolved state court lawsuit involving Mandel and others. The substance of Thrasher's complaint was that Mandel, NeXplore, and others were improperly using, allowing others to use, and attempting to sell intellectual property

developed by Thrasher for White Nile Software Corporation, Inc. In the state court litigation, Thrasher asserted claims on his own behalf as well as on behalf of White Nile. Jason Coleman, who also developed intellectual property for White Nile, intervened in the state court litigation and raised similar claims.

Thrasher's Sixth Amended Counterclaim and Third Party Petition asserted fourteen causes of action. As relevant to this adversary proceeding and the present motion for summary judgment, Thrasher asserted a claim for oppression of shareholder rights in count 11. He requested, as equitable relief for the oppressive conduct, a constructive trust be imposed for his benefit over all his (Thrasher's) intellectual property and proceeds thereof acquired by Mandel. In count 14, he requested the imposition of a constructive trust upon intellectual property owned or controlled by NeXplore that was derived from the intellectual property of Thrasher, Coleman or White Nile.

Thrasher's Sixth Amended Counterclaim and Third Party Petition was the product of years of litigation in the state courts. After Mandel filed for bankruptcy protection, the parties continued their litigation before this Court. Mandel objected to the proof of claim Thrasher filed on his own behalf and on behalf of White Nile. Mandel's objection initiated a contested matter, which was governed by many of the same procedural rules that apply to trials in adversary proceedings. *See* FED. R. BANKR. P. 9014.

Prior to the hearing on the claim objection, this Court entered a joint pre-trial order submitted by the parties. The parties stated on page 19 of the joint pre-trial order that the trial would not include "claims for injunctive relief, most of the declaratory judgment relief and the constructive trust relief because they believe that these causes of action to not come within the scope of a 'claim' as defined by 11 U.S.C. § 101(5)."

Mandel, however, stated in the pre-trial order that he contended that it may be necessary or appropriate for the Court to determine certain facts relating to the excluded causes of action in order to determine whether or to what extent to allow Thrasher's proof of claim.

The Court tried Mandel's objection to Thrasher's claim beginning in November 2010 and ending in February 2011. Thrasher initiated this adversary proceeding during the trial (but long after the deadline for asserting claims against Mandel's bankruptcy estate).[1] After this Court issued its findings of fact and conclusions of law allowing Thrasher's claim, in part, Thrasher sought and obtained authority from this Court to amend his pending adversary complaint.

Thrasher's amended complaint contained four counts. Thrasher filed a motion seeking summary judgment on all counts on March 22, 2012. This Court issued a written opinion disposing of the first three counts but denying summary judgment as to count four. In count four, Thrasher seeks a declaratory judgment that he, individually, or White Nile is the beneficiary of a constructive trust and the equitable owner of Mandel's shares of stock in NeXplore. The Court reasoned, in pertinent part, that Thrasher's request for the imposition of a constructive trust on Mandel's shares of NeXplore was an untimely "claim" against Mandel's bankruptcy estate.

After the Court issued its summary judgment opinion, Thrasher filed a motion to amend his proof of claim in the bankruptcy case in order to add a claim for a constructive trust on Mandel's shares of NeXplore. The Court heard Thrasher's arguments on February 20, 2013 and, at the conclusion of the hearing, denied his motion. This Court has concluded a trial of Thrasher's proof of claim and issued an order allowing the claim,

---

[1] Thrasher argues that the Fifth Circuit's decision in *Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F3d 426, 437 (5th Cir. 1997) required him to bring his constructive trust claim in a separate adversary proceeding.

4

in part, and Thrasher has appealed the Court's decision. At the conclusion of the February 20th hearing, the Court explained that she lacked jurisdiction to allow Thrasher to amend his proof of claim in light of the pending appeal.[2]

This adversary proceeding is now before the Court on another motion for summary judgment -- this time by Mandel. Mandel seeks an order granting him summary judgment and denying Thrasher's constructive trust claim as a matter of law. Thrasher opposes Mandel's motion and re-urges many of the arguments this Court rejected in its prior opinion denying Thrasher's request for summary judgment on his constructive trust claim. Thrasher argues that he is not bound by this Court's prior opinion and order denying summary judgment since it was not a final order.

### III. Summary Judgment Arguments

Mandel requests a summary judgment that Thrasher's claim seeking to impose a constructive trust on Mandel's shares of stock in NeXplore fails as a matter of law. As this Court explained in its prior summary judgment opinion, a request for the imposition of a constructive trust upon the NeXplore stock is a "claim" within the meaning of the Bankruptcy Code's definition of that term, *see* 11 U.S.C. §101(5), and Thrasher first asserted his claim after the bar date had passed. Mandel also argues that the imposition of a constructive trust on the NeXplore stock would allow Thrasher a double recovery inasmuch as this Court has already allowed, in part, Thrasher's claim against Mandel's bankruptcy estate.

---

[2] In general, a creditor may amend its proof of claim after the bar date in order to (1) cure a defect in the claim as originally filed, (2) describe the claim with greater particularity, or (3) plead a new theory of recovery on the facts set forth in the original claim. *In re Kolstad*, 928 F.2d 171, 175 (5th Cir. 1991). However, "courts that authorize amendments must ensure that corrections or adjustments do not set forth wholly new grounds of liability." *Kolstad*, 928 F.2d at 175. If the amended claim sets forth a wholly new grounds of liability, then the Court looks to Bankruptcy Rule 9006 in determining whether to allow the amendment. A bankruptcy court may permit a late filing "where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1).

Thrasher argues that his constructive trust claim is not really a new claim at all, but was included in his state court complaint. Thrasher argues that by requesting a constructive trust on all proceeds and products of White Nile's intellectual property held by Mandel in his state court complaint, he was asking for a constructive trust on Mandel's shares of NeXplore. He argues he is not seeking a double recovery since this Court did not previously award him a judgment on what he now describes as a claim for a constructive trust on Mandel's shares of NeXplore. He also argues, apparently in the alternative, that he is entitled to pursue multiple legal theories and elect the greater recovery. In other words, since this Court only allowed him an unsecured claim for $1.3 million against Mandel's estate, he argues that he can seek, instead, to obtain ownership of Mandel's shares in NeXplore, which he believes may be worth as much as $9 million.

## IV. Analysis

Section 541(d) of the Bankruptcy Code excludes from the bankruptcy estate assets that the debtor held on the petition date in trust for another. Whether assets are held in trust by the debtor is determined by state law. *See Butner v. United States,* 440 U.S. 48, 55 (1979) (stating that property interests are created and defined by state law unless a federal interest requires a different result).

A constructive trust is not an actual trust but an equitable remedy. *See, e.g., In re Estate of Melchior,* 365 S.W.3d 794, 800 (Tex. App–San Antonio 2012, pet. denied); Constructive trusts are imposed by Texas courts after a plaintiff has prevailed in court to prevent unjust enrichment in cases involving fraud or breach of fiduciary duty. "'A constructive trust is a relationship with respect to property, subjecting the person by whom the title to the property is held to an equitable duty to convey it to another, on the

6

ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property.'" *Baker Botts, L.L.P. v. Cailloux,* 224 S.W.3d 723, 736 (Tex. App. – San Antonio 2007, pet. denied) (quoting *Talley v. Howsley,* 142 Tex. 81, 176 S.W.2d 158, 160 (1943)). The elements of establishing entitlement to a constructive trust remedy are: (1) breach of a special trust, fiduciary relationship, or actual fraud; (2) unjust enrichment of the wrongdoer; and (3) tracing to an identifiable res. *Cote v. Texcan Ventures II,* 271 S.W.3d 450, 453 (Tex. App. – Dallas 2008, no pet.). The third element requires that funds be traced "into the specific property sought to be recovered." *Graham v. Turner,* 472 S.W.2d 831, 840 (Tex. Civ. App. – Waco 1971, no writ); *see Marineau v. Gen. Am. Life Ins. Co.,* 898 S.W.2d 397, 400 (Tex. App. – Fort Worth 1995, writ denied).

  Here, the state court had not imposed any constructive trust when Mandel filed for bankruptcy. Thrasher's claims against Mandel were unliquidated and untried. After Mandel objected to Thrasher's claim against his estate, this Court found and concluded, among other things, that Mandel had engaged in fraud and false representation and had breached his fiduciary duties. The Court did not make any findings or conclusions as to whether Mandel was unjustly enriched through his conduct; Thrasher requested and received a monetary award to compensate him for the damage this Court determined that he had sustained. The Court also did not make any findings tracing White Nile's intellectual property to the estate's interest in the stock of NeXplore. While the Court found that Mandel had made White Nile's intellectual property available to employees of NeXplore, the Court did not make any findings as to whether, how, or to what extent NeXplore made use of White Nile's intellectual property.

7

Thrasher's interpretation of his state court complaint (and, by extension, the proof of claim he filed in this Court) as including a claim for the imposition of a constructive trust on Mandel's shares of NeXplore is implausible. Thrasher's complaint asked for a constructive trust on any of White Nile's intellectual property that was owned or controlled by NeXplore, not on Mandel's shares of NeXplore. The Court has denied Thrasher's motion to amend his proof of claim to assert a request for the imposition of a constructive trust on Mandel's shares of NeXplore. In order to fully dispose of the parties' arguments, however, the Court will entertain Thrasher's argument that in light of Mandel's fraud and breaches of fiduciary duty, Mandel should be forced to convey his ownership interest in NeXplore to Thrasher.

As this Court previously explained, constructive trust claims arising in bankruptcy are different than those that do not. The post-bankruptcy imposition of a constructive trust conflicts with the Bankruptcy Code's policy of pro rata distribution among members of the same class by enabling some unsecured creditors to receive more than their pro rata share of assets in the estate. The Sixth Circuit in *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443 (6th Cir. 1994) described the tension between constructive trust claimants and other unsecured creditors as follows:

> The Code recognizes that each creditor has suffered disappointed expectations at the hands of the debtor; for this reason, it makes maximization of the estate the primary concern and entitlement to shares of the estate secondary. Imposing a constructive trust on the debtor's estate impermissibly subordinates this primary concern to a single claim of entitlement.

*Id.* at 1452–53.

Some courts, including the Fourth and Sixth Circuits, have refused to impose constructive trusts post-petition. These courts hold that, unless a trust was either imposed

upon the debtor's assets prior to the time of filing or some other statute requires such an imposition, a constructive trust may not be imposed post-petition. *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d at 1449 (6th Cir. 1994); *Shirkey v. Leake,* 715 F.2d 859, 863 (4th Cir. 1983). In the Fifth Circuit, bankruptcy courts generally do not impose a constructive trust on a debtor's assets "without a substantial reason to do so." *Haber Oil*, 12 F.3d at 436 (quoting *Neochem Corp. v. Behring Int'l, Inc. (In re Behring Int'l, Inc.),* 61 B.R. 896, 902 (Bankr. N.D. Tex. 1986)). *See also, e.g., In re First Central Financial Corp.,* 377 F.3d 209, 217 (2d Cir. 2004) (noting that the constructive trust claims that arise in bankruptcy are fundamentally different those that do not and that courts need to "act very cautiously" to minimize conflicts with the Bankruptcy Code); *Amendola v. Bayer,* 907 F.2d 760, 763 (7th Cir. 1990) ("'Furthermore, the grounds for imposing a constructive trust must be so clear, convincing, strong and unequivocal as to lead to but one conclusion.'"); *In re North American Coin & Currency, Ltd.,* 767 F.2d 1573 (9th Cir. 1985) ("We necessarily act very cautiously in exercising such a relatively undefined equitable power in favor of one group of potential creditors at the expense of other creditors, for ratable distribution among all creditors is one of the strongest policies behind the bankruptcy laws.").

       This Court understands that Thrasher feels cheated. However, creditors with claims for fraud or breach of fiduciary duty are given no special priority in the distribution of property of the estate under the Bankruptcy Code. Instead, these creditors may seek a finding that the debt is nondischargeable under various provisions in § 523(a) – as Thrasher has done in a separate adversary proceeding. In addition, Thrasher can assert whatever claims he believes he has against NeXplore directly if NeXplore is

improperly using the intellectual property Thrasher developed for White Nile. In this adversary proceeding, even if Thrasher had timely asserted a claim for the imposition of a constructive trust, Thrasher has failed to show that he can trace the intellectual property he developed for White Nile to the estate's interest in the shares of NeXplore, and he has failed to establish a substantial reason to alter the careful order of priorities established by the Bankruptcy Code.

## V. Conclusion

For the foregoing reasons, the Court concludes that Thrasher has failed to establish any genuine issue of material fact for trial.

**IT IS THEREFORE ORDERED** that Mandel's motion for summary judgment is **GRANTED** and Thrasher's request for the imposition of a constructive trust on Mandel's shares of NeXplore is **DENIED** as a matter of law.

Signed on 9/9/2013

_Brenda T. Rhoades_  MD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE